## STEWART V. LAPSLEY AND ANOTHER.

Where a party brought his action of trespass to try title, upon a location of a genuine land claim, and afterwards obtained a survey, which it became important for him to prove at the trial, to avoid a forfeiture of his location for failure to survey within twelve months from the passage of the Act of February 10th, 1852, concerning surveys of land; *Held*, That the Court erred in charging the jury, in effect, to disregard the evidence of a survey, because of the failure of the plaintiff to allege it.

Appeal from Bexar.

*J. Denison*, for appellant.

*I. A. & G. W. Paschal*, for appellees.

LIPSCOMB, J. This suit was commenced, on the first day of May, A. D., 1848, to recover land, upon a location of a good and valid land certificate. The suit was tried on the 14th day of June, 1853, being the Spring Term of the Court. On February the 10th, 1852, an Act of the Legislature passed, to take effect from its passage, entitled an Act concerning surveys of land. The first Section of the Act requires "that the field notes of all surveys made previous to the passage "of this Act, shall be made out and returned in the manner "now required by law, to the General Land Office, on or before "the 31st day of August, 1853, or they shall become null and

5

" void," &c.   The fifth Section enacts, " That the field notes " of all surveys hereafter made, shall be returned to and filed " in the General Land Office within twelve months from the " date of the survey."   The eighth Section enacts, " That all " lands heretofore located by virtue of any genuine claim to " land, shall be surveyed within twelve months from the pas- " sage of this Act, and lands hereafter located shall be sur- " veyed within twelve months from the date of the location, " or the said location, in either case, shall be null and void," &c.   These Sections, taken and construed together, establish the following propositions: that the field notes of the survey of all lands located and surveyed before the passage of the Act, must be returned to and filed in the General Land Office, on or before the 31st day of August, A. D., 1853.   That all lands located, but not surveyed, before the passage of the Act, must be surveyed within twelve months from the passage of the Act; and lastly, that the field notes of all surveys made after the passage of the Act, must be returned to and filed in the General Land Office, within twelve months from the date of the survey.

The charge of the Court to the jury was, that, " If, from " the evidence, you believe the plaintiff has proved a location, " of a date not exceeding twelve months from this time, you " will find a verdict for the plaintiff.   A party, suing on a " location, cannot recover on the strength of his location, if it " is more than a year from the date of the location, to the trial " of the cause, unless he has advanced beyond his location, " by a survey, made in accordance with law ; and a party who " brings suit upon a location, cannot, after the expiration of " a year from the date of his location, recover on the strength, " or by virtue, of a survey made by him, unless he alleges, in " his petition, the fact of a survey being made."

We believe the whole of the charge, and each of its parts, when applied to the case, is erroneous and not sustained by the law.   They all apply to a location made, and suit commenced, after the passage of the Act of February 10th, 1852.

Stewart v. Lapsley.

This suit was brought before the date of the Act, on a location that had been previously made, but not surveyed; and what was required of the plaintiff was, to show his location, and that his survey had been made within twelve months from the date of the Act; but he was not required to show, that the field notes had been returned to the General Land Office, and filed there, because the time within which he was bound to have such return, had not expired when the suit was tried. The statement of facts shows that the survey was made within the twelve months, and this was enough. There is no question, but proof of such survey was admissible and proper, under the petition in this case. He should have been permitted to prove this fact, to bring himself within the provisions of the Act, to avoid the forfeiture prescribed. The law could, by no fair and reasonable construction, have imposed such an absurdity as to require him to have the averment of the survey in his petition, when that petition was filed before the survey was made. It is strange that the Court, in its charge, should have lost sight of the fact, that this suit was brought before the passage of the Act of 10th February, 1852. It must be attributed to the usual hurry of business in the Circuit Court. We see no repugnancy, nor even ambiguity, in the statute; it is clear and readily understood. The judgment of the Court is reversed and the cause remanded.

Reversed and remanded.